IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OMAR FARINA,
A# 024-438-261,

    Petitioner,

vs.   Case No. 4:18cv15-MW/CAS

JEFF SESSIONS, et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 8, 2018. ECF No. 1. Petitioner alleged that he is a native and citizen of Cuba who arrived in the United States in 1980 as part of the Mariel Boatlift. ECF No. 1 at 3-5. Petitioner had been in ICE custody since September 12, 2017, having previously been ordered removed from the United States on November 19, 1999. Id. at 5, 6. Petitioner asserted that ICE would be unable to remove him to Cuba and he sought release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). ECF No. 1.

Respondents have filed a motion to dismiss the petition as moot. ECF No. 7. Respondents state that Petitioner was removed from the United States on March 16, 2018. *Id.* Attached to the motion is an exhibit revealing Petitioner was removed by "charter to Havana, Cuba" from Miami on March 16, 2018. ECF No. 7-1. Therefore, because Petitioner is no longer detained in the custody of U.S. Immigration and Customs Enforcement, this § 2241 petition should be dismissed as moot.

## RECOMMENDATION

In light of Respondents' showing that Petitioner has been removed from the United States, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 7, be **GRANTED**, and the § 2241 petition be **DISMISSED as moot** since Petitioner has been released from detention.

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.